UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAJUAN BELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARCUS POLLARD,<br><br>　　　　　Respondent. | No. 1:23-cv-01564-JLT-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 15) |

　　　　JaJuan Bell is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, asserting the trial court erred in granting a motion to strike his plea. (Doc. 1.) The magistrate judge found "the state court's denial of Petitioner's claim challenging the striking of the jeopardy plea was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of fact." (Doc. 15 at 32.) In addition, the magistrate judge found the state's "decision was not 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement.'" (*Id.* at 32-33, quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).) Therefore, the magistrate judge recommended the petition for writ of habeas corpus be denied. (*Id.* at 33.)

　　　　The Court served the Findings and Recommendations on Petitioner and notified him that

1  any objections were due within 30 days.  (Doc. 15 at 33.) The Court advised Petitioner that the
2  "failure to file objections within the specified time may waive the right to appeal the District
3  Court's order." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)
4  Petitioner did not file objections, and the time to do so has passed.

5       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
6  Having carefully reviewed the matter, the Court concludes the Findings and Recommendations
7  are supported by the record and proper analysis.

8       Having found that Petitioner is not entitled to habeas relief, the Court now turns to
9  whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus
10 has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
11 allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.
12 § 2253.  When the Court denies a habeas petition on the merits, it may only issue a certificate of
13 appealability "if jurists of reason could disagree with the district court's resolution of [the
14 petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate
15 to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529
16 U.S. 473, 484 (2000). While Petitioner is not required to prove the merits of his case, he must
17 demonstrate "something more than the absence of frivolity or the existence of mere good faith on
18 his . . . part." *Miller-El*, 537 U.S. at 338.

19      In the present case, reasonable jurists would not find the determination that the petition
20 should be denied debatable or wrong, or that Petitioner should be allowed to proceed further.
21 Petitioner did not make the required substantial showing of the denial of a constitutional right.
22 Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

23     1.    The Findings and Recommendations issued on June 6, 2024 (Doc. 15) are
24         **ADOPTED** in full.
25     2.    The petition for writ of habeas corpus is **DENIED**.
26     3.    The Clerk of Court is directed to close the case.
27 ///
28 ///

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __August 8, 2024__                               /s/ Jennifer L. Thurston
                                                        UNITED STATES DISTRICT JUDGE